Barnard, P. J.
If the testimony of Philip Goldman, he true, the plaintiff’s case was made out.
The deceased, a small boy, according to the narrative of this witness, was attempting to get upon the platform of the defendant’s cars so as to go to New York, from the station at Far Bockawav, as a passenger.
The train had stopped at the station. It was a large train and was crowded. The boy got two steps up and as he was about to reach the platform, the car suddenly started and threw the boy under the cars and killed him. The witness seems to be candid and there is no impossibility in the story itself. The defendant gave evidence tending to show that the accident, which caused the death of the boy, happened before the cars reached the station. That the boy had got on at Strain’s Grove and had fallen off the train before it arrived at Far Bockaway, and was at the time not a passenger. The proof apart from the evidence of Goldman seems to discredit this theory.
The companion of the deceased, young Berliner, the brother, David Myers, in respect to the time and place of the accident, agree with Goldman.
The testimony of young Berliner is to the effect that both himself and the deceased were passengers, having purchased tickets, got at the same time, and were making the same journey. Berliner took the hand of the boy and started for the train after it had stopped to receive passengers, and that the crowd detached the boy from him. He got on and the boy was killed. The evidence fully supported the verdict and if no improper evidence was admitted, or proper evidence excluded, the verdict must be accepted as the truth of the surroundings and manner of the accident.
In such case the negligence is plain. Bartholomew v. N. Y. C. R. R. Co., 102 N. Y., 716; 2 N. Y., State Rep., 490. Among other witnesses one Sprague, a brakeman, was called as a witness who gave evidence tending to show that the accident happened before the train had stopped. He was asked by the plaintiff if it was not his duty to immediately inform the conductor of an accident and it appeared in the case that the conductor did not hear of it until some time, from four to eight minutes after it.
Connolly, another brakeman, who gave the notice, excuses the delay in consequence of the great crowd preventing approach to the conductor. The testimony does not *433 fall within that which was prohibited in the case of the First National Bank v. Ocean National Bank (60 N. Y., 278
The plaintiff produced a witness, Taft, who testified that the deceased boy after the accident held a railroad ticket in his hand. It was proven that at the time the witness had taken down a statement from the boy and that he “ didn’t know what had become of it.”
The statement was to the purport that the deceased was at the station to see his cousin off, who was going to New York. The defendant subsequently offered to prove that a witness Curry, had copied the statement, and to give in evidence this copy.
It was solely offered to impeach Taft and not as a declaration of the deceased boy.
The paper was inadmissible.
First, the loss of the original was not shown and no subpoena to produce it was served. As a statement of the boy it is wholly unproven, except by an admission of Taft. As evidence against Taft it did not conflict with his testimony. He says “ he made mention about going to New York with his cousins, or to see his cousin go to New York; I don’t remember.”
The witness also testified that he might have said that the boy stated that he was at the station “to see his cousin off who was going to New York.”
The attention of the witness was not called to the time and place and to the persons to whom and in whose presence the statement was made. Hart v. Hudson Bridge Co, 84 N. Y., 56.
The judgment should be affirmed, with costs.
Bykman and Pratt, JJ., concur.